IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROGER LADALE FORD, | ) | |
| ID # 1992202, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:17-CV-1356-K-BH |
| | ) | |
| JASON WILLIAMS, Warden,[1] | ) | |
| Respondent. | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

## I. BACKGROUND

Roger Ladale Ford (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed separate petitions for writ of habeas corpus under 28 U.S.C. § 2254 challenging his state convictions. The respondent is Jason Williams, Warden of TDCJ-CID Roach Unit (Respondent).

**A.      State Court Proceedings**

On July 25, 2014, the State indicted Petitioner for possession of marihuana in Cause No. F14-55016, and for possession with intent to deliver tetrahydrocannibinol in Cause No. F14-55017, alprazolam in Cause No. F14-55018, dihydro-codeinone in Cause No. F14-55019, cocaine in Cause No. F14-55020, and methamphetamine in Cause No. F14-55021. (*See* doc. 18-9 at 7, doc. 18-10

---

[1] The petitioner named FNU Lofton as the respondent. David Lofton was the warden of the Texas Department of Criminal Justice Roach Unit, and he has now been succeeded by Jason Williams. Under Rule 25(d) of the Federal Rules of Civil Procedure, Warden Williams "is automatically substituted as a party."

at 7, doc. 18-11 at 7, doc. 18-12 at 7, doc. 18-13 at 7, doc. 18-14 at 7.)[2]  On February 12, 2015, Petitioner pleaded not guilty, and the cases were tried together.  (*See* doc. 15-2 at 1.)

A Dallas police officer went to Petitioner's residence with other officers to arrest him on outstanding warrants.  The officer saw him and his brother walk out of the residence.  Petitioner was carrying a "half-filled trash bag" that was "heavy on the bottom" and "twisted several times around the top," and he was "looking around."  When Petitioner got between two cars parked in front of his residence, the officers moved in and yelled for them to get on the ground.  Petitioner dropped the bag beside him, and officers handcuffed Petitioner and his brother.   They searched Petitioner and found a car key fob in his pocket. When the officer pushed a button on the key fob, the trunk of one of the cars popped open, and Petitioner said that the car was his.  After verifying the brother's identity, officers released him.  The brother picked up the bag that Petitioner had dropped and put it in the open trunk.  The officer thought that was unusual because if it was a bag of trash, there was a dumpster nearby.  He detained the brother and looked at the bag, which he identified among other bags in the trunk by its twisted top and smaller size.  A detective who was about to close the trunk looked at the bag and "saw an impression of a pistol."  Inside the bag were scales, narcotics, and three pistols. *See Ford v. State*, Nos. 05-15-00446-CR through 05-15-00451-CR, 2016 WL 1616612 at *1-2 (Tex. App. – Dallas, Apr. 20, 2016).

A jury found Petitioner guilty.  He was sentenced to four years' imprisonment in No. F14-55016, 25 years' imprisonment in Nos. F14-55017 and F14-55018, 35 years' imprisonment in No. F14-55019, 30 years' imprisonment in No. F14-55020, and 10 years' imprisonment in F14-55021.  (*See* doc. 18-9 at 33, doc. 18-10 at 34, doc. 18-11 at 34, doc. 18-12 at 35, doc. 18-13 at 37, doc. 18-

---

[2] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

14 at 33.)  The convictions were affirmed on appeal.  *See Ford*, 2016 WL 1616612.  He did not file

petitions for discretionary review.  (*See* doc. 2 at 3); *see* www.txcourts.gov (search for Petitioner).

Petitioner's state habeas applications were signed on January 23, 2017, and received by the

state court on January 27, 2017.  (*See* doc. 15-7 at 4, 20; doc. 15-9 at 4, 20; doc. 15-11 at 4, 20; doc.

15-13 at 4, 20; doc. 15-15 at 4, 20; doc. 15-17 at 4, 20.)  On March 8, 2017, they were denied.  (*See*

docs. 15-6, 15-8, 15-10, 15-12, 15-14, 15-16); *see Ex parte Ford*, WR-86,455-02 through WR-

86,255-06 (Tex. Crim. App. Mar. 8, 2017).

**B.**    **Substantive Claims**

Petitioner filed separate federal habeas petitions with identical grounds, signed on May 18,

2017, and received on May 22, 2017, that were subsequently consolidated.  (*See* doc. 6.)  He raises

the following grounds:

> (1) The search of the car and bag was erroneously upheld on appeal under the plain view
> doctrine;
>
> (2) The officer committed perjury, and the prosecutor was aware of the inconsistent
> statements but disregarded the matter.

(*See* doc. 2 at 6; doc. 3 at 4, 26.)  Respondent filed a response, and Petitioner filed a reply.  (*See*

docs. 13, 16.)

## II.  APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.

L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for

habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).

Because Petitioner filed his petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions.

Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

>with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
>>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). As for the "unreasonable application" standard, a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly

established federal law was objectively unreasonable." *Id.* at 409; accord *Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## III.  SEARCH AND SEIZURE

Petitioner contends that the car and bag were illegally searched, and that the state appellate court erroneously held that the search was proper under the plain view doctrine. *See Ford*, 2016 WL 1616612 at *3 (search upheld because the outline of the gun was in plain view, and the search of the bag and car were proper for safety purposes). Petitioner argues in his reply that he did not have an opportunity for a full and fair litigation of his claim because he was a layman and was not aware that the state appellate court's reliance on the plain view doctrine was erroneous, so he did not file a petition for discretionary review. (*See* doc. 16 at 2.)

It is well-settled that a claim that evidence obtained through an unconstitutional search and seizure was erroneously admitted at trial cannot be a basis for federal habeas relief if the state provided an opportunity for a full and fair litigation of the Fourth Amendment claim. *Williams v. Taylor*, 529 U.S. 362, 375 (2000); *Stone v. Powell*, 428 U.S. 465, 482 (1976). If a state has a process that allows an opportunity for full and fair litigation of Fourth Amendment claims, federal habeas review of those claims is barred, even if a defendant did not use the state process to litigate

5

the claims.  *Register v. Thaler*, 681 F.3d 623, 628 (5th Cir. 2012); *Moreno v. Dretke*, 450 F.3d 158,

167 (5th Cir. 2006).  The State of Texas has a process that allows defendants to litigate Fourth

Amendment claims at the trial level and on direct appeal.  *Register*, 681 F.3d at 628.  Consequently,

Petitioner's illegal search and seizure claim is barred.

## IV.  PERJURY

Petitioner contends that the officer committed perjury, and the prosecutor was aware of it

but disregarded it.  He claims that because the officer testified that he was with Petitioner when he

was alerted that there was a gun in the bag, the officer could not have seen his brother put the bag

in the trunk, and that the officer and detective gave conflicting testimony about which one of them

discovered the bag.  (*See* doc. 3 at 27-29.)  He also asserts that in a recording of a phone call from

jail, he stated that he put the bag in the trunk, not his brother.  (*See* doc. 3 at 29; doc. 15-1 at 154.)

### A.    Exhaustion and Procedural Bar

Respondent argues that this claim is unexhausted and procedurally barred.  A petitioner must

fully exhaust state remedies before seeking federal habeas relief.  28 U.S.C. § 2254(b).  To exhaust

under § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest

available state court for review prior to raising it in federal court.  *See Deters v. Collins*, 985 F.2d

789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v.

Estelle*, 677 F.2d 427, 443 (5th Cir. 1982).  In Texas, a prisoner must present his claim to the Texas

Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of

habeas corpus.  *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d

at 432.  A petitioner must also present his claims in a procedurally correct manner.  *See Beazley v.

Johnson*, 242 F.3d 248, 263 (5th Cir. 2001); *Deters*, 985 F.2d at 795.

For a claim to be exhausted, the petitioner must have presented the same facts and legal theory to the state court that are presented in the federal petition. *Ruiz v. Quarterman*, 460 F.3d 638, 643 (5th Cir. 2006). "An argument based on a legal theory distinct from that relief upon in the state court does not meet the exhaustion requirement." *Id*.

Petitioner did not file a petition for discretionary review. In his state habeas applications, he claimed that the evidence was insufficient to support the convictions because the officer "unlawfully created a[n] allegation" to charge him with possession of the drugs. (*See* doc. 15-7 at 11.)[3] He asserted that the officer could not have seen the brother put the bag in the trunk because the officer was with Petitioner and not on the scene when the bag was discovered. He argued that the officer's allegations were implausible and the evidence was insufficient. (*See id*. at 48.) He did not argue that the State was aware of the perjured testimony. A claim of insufficient evidence is based on a different legal theory than a claim that perjured testimony was used. *See White v. River Correctional Ctr.*, No. 09-3242, 2009 WL 2914338 at *2 (E.D. La. Aug. 27, 2009) ("[a] claim that a conviction was tainted by perjury is *not* the equivalent of a claim that there was insufficient evidence; the two claims are based on distinct legal theories"). (*See* doc. 14-19 at 9-18.)

When reviewing sufficiency of the evidence, the issue is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 320 (1979). The trier of fact has the responsibility of weighing the evidence, resolving conflicts in testimony, and drawing reasonable inferences from basic facts to ultimate facts. *Id*. Under *Jackson*, "the assessment of the credibility of witnesses is generally beyond the scope of review." *Schlup v.*

---

[3] The six state habeas applications contained identical allegations.

7

*Delo*, 513 U.S. 298, 330 (1995). "Determining the weight and credibility of the evidence is within the sole province of the jury." *United States v. Martinez*, 975 F.2d 159, 161 (5th Cir. 1992). Courts view "any required credibility determinations in the light most favorable to the guilty verdict." *United States v. Wise*, 221 F.3d 140, 154 (5th Cir. 2000). They do not "second-guess[ ] the weight or credibility given the evidence." *United States v. Ramos–Garcia*, 184 F.3d 463, 465 (5th Cir.1999).

As for perjured testimony, the Supreme Court has held that the presentation of false evidence at trial, as well as the admission into evidence at trial of unsolicited false evidence that is not corrected, violates a criminal defendant's due process rights if the reliability of a given witness may be determinative of guilt or innocence. *Napue v. Illinois*, 360 U.S. 264, 269 (1959). In order to prevail on a claim that his constitutional rights were violated by the presentation of false testimony, a petitioner must establish that: (1) the testimony was actually false; (2) the prosecution knew it was false; and (3) it was material. *Id*. at 271. A new trial is dictated only when the false testimony could, in any reasonable likelihood, have affected the judgment of the jury. *Napue*, 360 U.S. at 271.

Because a claim of use of perjured testimony is separate and distinct from a claim of insufficient evidence, Petitioner's state habeas claim of insufficient evidence did not exhaust his claim of use of perjured testimony.

Petitioner's claim is also procedurally barred from federal habeas review. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). The normal rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court remedies, and the state court to which he would be required to present his unexhausted claims would now find those claims to be procedurally barred. *Id*. In those

cases, the federal procedural default doctrine precludes federal habeas corpus review. *Id.*; *see also Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (finding unexhausted claim that would be barred by the Texas abuse-of-the-writ doctrine if raised in a successive state habeas petition, to be procedurally barred).

Here, if Petitioner brought his unexhausted claim in a subsequent state habeas corpus application, the Court of Criminal Appeals would consider the claim to be procedurally defaulted as a successive state habeas application under Article 11.07 § 4 of the Texas Code of Criminal Procedure, so this claim would be procedurally barred from federal habeas review. *See Nobles*, 127 F.3d at 423.

**B.    Merits**

Notwithstanding the lack of exhaustion and procedural bar, Petitioner's claim lacks merit. As discussed, to prevail on a claim that his constitutional rights were violated by the presentation of false testimony, Petitioner must establish that: (1) the testimony was actually false; (2) the prosecution knew it was false; and (3) it was material. *Id.* at 271.   Contradictory testimony from witnesses, inconsistencies within a witness's testimony, and conflicts between a witness's testimony and prior statements or testimony of other witnesses do not establish perjury. *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990); *United States v. Martinez-Mercado*, 888 F.2d 1484, 1492 (5th Cir. 1989).   Conflicting testimony is to be resolved by the jury. *See Koch*, 907 F.2d at 531.

The officer testified that Petitioner was handcuffed and was down on the ground, about 15 yards from the front door. (*See* doc. 15-1 at 27.) The officer pressed the button on the key fob, and the trunk opened. The bag that Petitioner dropped on the ground was within the officer's sight, because it was right next to Petitioner and his brother, who was also handcuffed and on the ground

at that point.  (*See id*. at 30.)  When the brother was released, the officer saw him pick up the bag and put it in the trunk.  (*See id*. at 32.)  The detective testified that when he was securing the scene, he went to close the trunk, he saw an impression of pistol on the bag, and he said he believed there was a firearm in the bag.  (*See id*. at 53-54.)  When the officer was alerted that there might be a weapon in the bag, he returned to the trunk and saw the outline of a weapon in the bag.  (*See id* at 41.)  He could tell the difference between the bag that the brother put in the trunk and the other bags in the trunk.  (*See id*. at 33.)  He then returned to Petitioner to pick him up and put him in a police car.  (*See id*. at 34.)  He also testified that he did not see the outline of anything in the bag because he was with Petitioner.  (*See id*. at 34.)  He did not open the bag; the detective and others opened the bag and discovered a weapon.  At that point, the officer was back with Petitioner.  (*See id*. at 42.)

At most, there may have been a contradiction about whether the officer saw the outline of weapon pressing against the bag.  There was no dispute about the detective discovering the weapon, and contrary to Petitioner's assertions, the officer's testimony did not show that he was not at the scene when he was with Petitioner. The officer's testimony showed that he, Petitioner, and the car were close enough that he could see when the bag was picked up and put in the trunk.  Evidence about Petitioner's statement in the recorded call was introduced at trial.  Any contradictory and conflicting testimony from the officer does not show that the prosecutor knowingly used perjured testimony.  *Koch*, 907 F.2d at 531; *Martinez-Mercado*, 888 F.2d at 1492.  It was a matter for the jury to resolve any contradictions or conflicts in the testimony.  *See Koch*, 907 F.2d at 531. Petitioner has not shown that he is entitled to relief on this claim.

## V.  EVIDENTIARY HEARING

Upon review of the pleadings and the proceedings held in state court as reflected in the state

court records, an evidentiary hearing appears unnecessary.  Petitioner has not shown he is entitled to an evidentiary hearing.

## VI.  RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice.

**SIGNED on this 8th day of January, 2019**.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

11